FORT MYERS SEAFOOD PACKERS,
INC., Appellant,

v.

STEPTOE AND JOHNSON et al.,
Appellees.

No. 20304.

United States Court of Appeals
District of Columbia Circuit.

Argued April 5, 1967.

Decided June 21, 1967.

Petition for Rehearing En Banc Denied
Sept. 22, 1967.

Mr. Glenn A. Mitchell, Washington, D. C., for appellant. Mr. Raymond W. Colton, Washington, D. C., also entered an appearance for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. Stephen S. Boynton, Washington, D. C., was on the brief, for appellees. Mr. Carl L. Taylor, Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, Senior Circuit Judge, and TAMM and ROBINSON, Circuit Judges.

EDGERTON, Senior Circuit Judge:

Appellant Fort Myers Seafood Packers, Inc., sued appellees Steptoe *et al.* for damage due to "carelessness, negligence and improper legal advice given by said defendants * * * to plaintiff." The District Court entered summary judgment for appellees. The court saw "no factual basis for concluding that the relationship of attorney and client * * existed between these parties." We disagree.

At the request of one Mogdeberg, a client of appellees, appellees drew up and, on May 16, 1962, sent to appellant a proposed contract by which appellant would send its boats to fish in Venezuelan waters and would sell the fish to a Venezuelan processor for resale to Mogdeberg. The contract said "Neither the laws of Venezuela nor the provisions of this Contract requires or contemplates any change in the present American registry of the boat(s)." Appellant executed the contract and sent its boats to Venezuelan waters where, on July 25, 1962, they arrived and were impounded because their entry under American registry was illegal.

Appellee Leavitt admitted that in filing and processing an application to the Maritime Administration for approval of the charters for the boats he had acted as "attorney for the applicants, the boat owners." On August 15, 1962, he wrote to appellant "It is too bad that we did not know the Venezuelan requirements. * * * We could have avoided all of the present difficulty by filing the proper applications with the Maritime Administration. Applications for the sale and transfer of the flags of the vessels would have been approved as quickly as were the ones for the charters." If appellant is not obligated to pay appellees for their services, it does not follow that there was no attorney-and-client relation.

We disagree also with the District Court's ruling that appellant's suit, filed July 22, 1965, was barred by the Statute of Limitations. With exceptions not pertinent here, the District of Columbia statute requires actions to be brought within three years "from the time the right to maintain the action accrues." D. C. CODE (1961 ed., Supp. V 1966) § 12–301, 77 STAT. 510. In ordinary negligence actions, this means the time when the plaintiff suffers injury. Thus we said in Hanna v. Fletcher "The action against Gichner plainly is based on negligence, sounds in tort, and did not accrue until injury resulted from the alleged negligence." 97 U.S.App.D.C. 310, 313, 231 F.2d 469, 472, 58 A.L.R.2d 847, cert. denied, Gichner Iron Works, Inc. v. Hanna, 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501 (1956). Several state courts have adopted a special rule that time begins to run against a claim for malpractice when the defendant does the act that afterwards results in injury. Other courts have applied the general rule that time begins to run when the plaintiff suffers injury. The District Court chose the special rule. We see no good reason for drawing such a distinction between malpractice suits and other negligence actions. The impounding of the boats might have been found to be an injury that resulted from appellees' erroneous legal advice. Since the suit was filed within three years, we think it was timely.

We think the suit was timely whether or not appellees' advice had previously caused other damage. *Cf.* Underwater Storage, Inc. v. United States Rubber Co., 125 U.S.App.D.C. 297, 301, 371 F.2d 950, 955 (1966), cert. denied, 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967), where we held that if a trade secret is misappropriated, "the wrongdoer and his privies are amenable to suit for any use of the secret so long as the use has occurred within the statutory period of limitations immediately preceding the bringing of the action." We do not now consider whether it might have been found that appellees' advice had caused damage before the boats were impounded, or whether recovery might have been had for such earlier damage.

Reversed.

TAMM, Circuit Judge (concurring):

I concur in the opinion of Judge EDGERTON only because I believe this case is governed by our ruling in Hanna v. Fletcher, 97 U.S.App.D.C. 310, 231 F.2d 469 (1956), cert. denied, Gichner Iron Works, Inc. v. Hanna, 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501 (1956). I am increasingly concerned about the doctrine espoused and validated by the majority opinion in that case, feeling that the dissenting opinion is a more accurate statement of the governing law in these situations. Since a majority of the court, however, has views contrary to my own as those views are expressed in the dissenting opinion of Judge Prettyman, I must be governed by the principles adopted by a majority of the court.