JEREMIAH ALOYSIUS MASON *v.* SUE RUTH (BROMS) HENDERSON

[No. 433, September Term, 1971.]

*Decided February 7, 1972.*

The cause was argued before MURPHY, C. J., and ORTH and MOYLAN, JJ.

*Walter B. Dorsey* for appellant.

*John A. Buchanan,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On 23 December 1970 JEREMIAH ALOYSIUS MASON (appellant-plaintiff) sued SUE RUTH (BROMS) HENDERSON (appellee-defendant) in the Circuit Court for Saint Mary's County in tort for personal injuries resulting from an accident involving motor vehicles operated by them, claiming $25,000 and costs. Appellee filed a general issue plea and requested trial by jury. She filed notice of taking of oral depositions of appellant, he was deposed and his deposition was subsequently filed. Each party filed interrogatories and answers to the interrogatories presented. Appellee amended her plea by pleading, in addition to the general issue plea, "That before filing suit, the plaintiff, for a valuable consideration, released the defendant by accepting the sum of $338.61 in full and final settlement of any and all claims of the plaintiff." She then moved for a summary judgment "on the grounds that there is no genuine dispute as to any material fact regarding the release and/or accord and satisfaction entered into between the plaintiff and defendant and that the defendant is entitled to summary judgment as a matter of law." The memorandum of points and authorities cited Maryland Rule 610 and continued:

> "Attached hereto, as a part hereof, is a photocopy of a check, dated March 27, 1970, payable to the plaintiff herein in the amount of $338.61. As can be seen from the photocopy, the reverse side of said check was signed by the plaintiff and negotiated. As can be seen, the check is marked full and final. The words, 'Settlement

of Property Damage Only' having written on said check by the plaintiff's attorney; neither the plaintiff nor his attorney were authorized at any time to alter the draft in question. It is clear that they had two alternatives—to either accept the check as written or to reject it, but they cannot alter a material term of the check for their own benefit.

Also attached hereto, as a part hereof, is an estimate for property damage to the plaintiff's car in the amount of $238.61. It is clear that the plaintiff was paid, not only for his property damage, but given an additional $100.00 for his alleged bodily injury claim. By accepting this sum, he released the defendant or entered into an accord and/or satisfaction; in either event, the defendant is entitled to summary judgment."

The copy of the "check" attached stated on its face that it was a draft dated 3/27/70 issued by The Continental Insurance Companies payable to Jeremiah Mason, insured Willard Lloyd Broms, policy number 03029501, date of loss 2/24/70. The amount of the draft as shown by figures typed thereon was $338.61, but the amount as typed in words read "Two-hundred-Thirty-eight and 61/100" preceding the printed word "DOLLARS." On the lower left side of the draft was typed "Full and Final." Following those words, in handwriting, was "Settlement of property damage only." On the reverse side of the draft appeared a signature "Jeremiah Mason" and stampings, not readily decipherable but of the kind indicating that the check had been paid. The copy of the estimate attached, dated what appears to be 3/17, was by "Property Damage Appraisers" in a total amount of $238.61 being for labor, parts and tax for repairs to the automobile of "J. A. Mason." The repair shop was designated as "George" and it was "accepted by George." There was a printed caveat: "This is not an authorization for

repairs." Appellant answered the motion requesting that it be denied. He alleged:

"1. That it was not the intention of the parties that the cashing of the check would operate as a release for the personal injury claim and the loss of consortium.

2. That the consideration is inadequate.

3. That if the Defendant intended that the payment of the check was a release for the personal injuries, that the Plaintiff mistakenly cashed same.

4. That the Plaintiff has been deprived of his automobile for a period of time during its repair and was entitled to compensation for the loss of use of said vehicle."

In appellant's deposition he said his car had been repaired at George's and the work had been paid for with the check in question which had been given him by Mr. Frank Combs of the Combs Insurance Agency "for getting the car fixed." Mr. Combs did not tell him to write anything on the check and except for his endorsement on the back he did not do so. Mr. Combs had told him to take his car to "those estimators and get an estimate on it." He was not sure of the amount of the estimate. When he picked up the check Mr. Combs "just asked me did I get the car fixed and I told him yes." He said the words written after the typed "Full and Final" were not written by him—"Somebody must have added it later." He signed the check and gave it to George's Auto Body. He did not recall the amount of the check, at first he thought it was "for $400 something dollars" but was not sure. It was the only check he received from the insurance agency. Hearing on the motion was set for 29 July 1971. The record before us does not contain a transcript of the proceedings at the hearing. The docket entries read: "Counsel to submit written memos to Court within 5 days." On 4 August appellee's memorandum was filed. The record does not indicate that appellant filed a memorandum. On 11 August 1971 the lower court "upon con-

sideration of the foregoing Motion for Summary Judgment, Notice to the Plaintiff and Points and Authorities," ordered "that summary judgment be and the same is hereby granted in favor of the defendant." Mason appealed from the judgment.

Rule 610 deals with summary judgment. Section d 1 reads, *inter alia:*

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * Where appropriate, the court on the hearing may render judgment for the opposing party even though he has not filed a cross-motion for summary judgment."

The purpose of the Rule is to determine whether a trial is necessary when there is no genuine dispute as to a material fact. *Greenwell v. American Guaranty*, 262 Md. 102, 109. Thus inquiry must be directed first to the question whether there exists a genuine dispute of a material fact. *Orrison v. Vance*, 262 Md. 285, 292. In so inquiring, if the facts are susceptible of more than one inference, the inferences must be drawn in the light most favorable to the person against whom the motion is made, and in the light least favorable to the movant. *Trustees of The Broadfording Church of the Brethren v. Western Maryland Railway Company*, 262 Md. 84, 85 and cases therein cited. The Court of Appeals has recently commented on summary judgment procedure. In *Broadfording*, at 88, it quoted with approval *Lipscomb v. Hess*, 255 Md. 109, 118:

> "The limitations on summary judgment procedure are too well known to require elaboration. It is not a substitute for trial but a hearing to determine whether a trial is necessary, * * * when there is no genuine controversy,

* * *. The purpose of the hearing is not to determine disputed facts, but to determine whether such issues exist. * * *." (citations omitted).

A showing of facts which would be admissible in evidence that there is a genuine dispute will prevent the granting of the motion. *Broadfording* at 89.

The facts before the trial court were those alleged in the pleadings, contained in the deposition of appellant, and stated in the motion and answer thereto. They show that appellant's property damages and his alleged personal injuries resulted from the accident involving appellee's car. Appellant obtained an estimate in the amount of $238.61 as the cost of repairing his damaged car. The estimate was acceptable to appellee's insurance carrier, who, after the car was repaired, issued a draft to the order of appellant. The amount of the draft expressed in figures was $338.61 but the amount expressed in words was $238.61. On the face of the draft the drawer had typed "Full and Final." After the draft was delivered to appellant someone, not the appellant himself, added in handwriting the words "settlement of property damages only." The draft was endorsed by appellant and given in payment of the repairs to his car. The facts before the trial court did not show whether the drawer intended the draft to be in the amount of $238.61 or $338.61; whether it was accepted by appellant as being in the amount of $238.61 or $338.61; whether it was accepted by the repairman as being for $238.61 or $338.-61; whether it was paid by the bank in the amount of $238.61 or $338.61; whether it was debited against the maker's funds in the amount of $238.61 or $338.61. We observe with respect to the draft that (i) words control figures except that if the words are ambiguous figures control, Code, Art. 95B, § 3-118 (c); (ii) the negotiability of a draft is not affected by a term in it providing that the payee by indorsing or cashing it acknowledges full satisfaction of an obligation of the drawer, id., § 3-112 (f); (iii) any alteration is material which changes

the contract of any party thereto in any respect, including such change in the writing as signed, by adding to it or by removing any part of it, id., § 3-407 (1) (c) ; (iv) as against any person other than a subsequent holder in due course, alteration by the holder must be both fraudulent and material to discharge any party whose contract is thereby changed unless such party assents or is precluded from asserting the defense, id., § 3-407 (2) (a) ; (v) no other alteration discharges any party and the instrument may be enforced according to its original tenor, id., § 3-407 (2) (b). See *Katski v. Boehm*, 249 Md. 568.

Drawing the inferences from the facts in the light most favorable to appellant and in the light least favorable to appellee we think that there was a showing of facts which would be admissible in evidence that there was a genuine dispute so as to preclude the granting of the motion. The genuine dispute shown was whether or not a draft was delivered and accepted in full satisfaction of all claims, both as to property damage and personal injuries, resulting from the accident involving appellant's car and appellee's car. We hold that appellee was not entitled to a judgment as a matter of law, the determination of the disputed facts being properly for a trial.[1]

> *Order granting motion for summary judgment against appellant reversed; case remanded for trial; costs on appeal to be paid by appellee; costs below to abide the result.*

1. Appellant's argument is on the premise that he received only $238.61. Appellee's argument is on the premise that appellant received $338.61. As pointed out *supra* the facts before the trial court do not establish in what amount the draft was paid. For the purpose of the motion, considering the matter in the light most favorable to appellant, the amount would be $238.61, undermining in main part appellee's contention as argued that the lower court did not err in granting her motion. The actual amount received is one of the material facts to be resolved at a trial.