JOHN JOSEPH FRERICKS ET AL. *v.* WALTER
BAINES ET AL.

[No. 605, September Term, 1972.]

*Decided November 21, 1972.*

The cause was submitted on motion to dismiss to
ORTH, C. J., and MORTON and POWERS, JJ.

Motions to dismiss appeal filed on behalf of General
Motors Corporation by *Joseph G. Finnerty, Jr.,* and
*Edward S. Digges, Jr.,* and on behalf of Anchor Pontiac
Buick, Inc., by *George D. Solter.*

Answer to motions to dismiss filed on behalf of appellants by *Leon J. Rudd* and *Wartzman, Rombro, Rudd &
Omansky.*

ORTH, C. J., delivered the opinion of the Court.

By an amended declaration filed 19 June 1972 in the Circuit Court for Cecil County John Joseph Frericks (John) and Frank J. Frericks (Frank), plaintiffs-appellants, sued Walter Baines (Walter), Agnes Baines (Agnes), Ronald D. Baines (Ronald), defendants, and General Motors Corporation (General Motors), and Anchor Pontiac Buick, Inc. (Anchor), defendants-appellees. Case No. 1 claimed $750,000 in damages suffered by John, dependent for necessaries of life upon his father, Frank, while a passenger in an automobile driven negligently by Ronald while the agent of the owners, Walter and Agnes. Case No. 2 claimed $1,000,000 damages for the negligence of General Motors and Anchor, its dealer, in the design and construction of the automobile, in count 1, $1,000,000 for violation of an implied warranty by General Motors and Anchor in count 2, $1,000,000 for violation by them of expressed warranties in count 3, and $1,000,000 under their strict liability in tort in count 4. General Motors and Anchor demurred to the amended declaration and on 3 October 1972 the court below granted each demurrer without leave to amend as to case No. 1 and as to each count in case No. 2. John and Frank appealed on 24 October. The record was received in this Court on 9 November and on 10 November and 13 November respectively General Motors and Anchor moved to dismiss the appeal pursuant to Maryland Rules 835 b (1) and 836,[1] claiming that the appeal was premature under Rule 605 a. General Motors gave as further reason that it had filed a motion for a Protective Order on 30 October and "the pending of this premature appeal raises questions concerning the jurisdiction" of the court below to rule thereon. John and Frank answered the motions. They alleged that they "entered into a settlement of their claim against the Defendants, Walter Baines, Agnes Baines and Ronald D. Baines, prior to the filing of the Order to Enter the Appeal on October 24,

---

1. The proper Rules as applicable to this Court are Rule 1035 b (1) and 1036.

1972 and an Order of Satisfaction will be placed on record within the next 30 days. That upon the filing of the Order of Satisfaction in favor of the Baines, there will, in fact, be no other parties except the Appellees Anchor Pontiac Buick, Inc. and General Motors Corporation, and the Appellants; that consequently, the aforesaid Order does terminate the action as to all the remaining claims against the aforesaid Appellees."

Rule 605 a provides:

> "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The term "multiple claims" includes multiple defendants. *Tedrow v. Ford Motor Co.*, 260 Md. 142, 144; *Picking v. State Finance Co.*, 257 Md. 554, 558. An appeal may be dismissed on motion as not allowed by law, Rule 1035 b (1), and these appeals were not allowed by law because under the provisions of Rule 605 a the action was not terminated as to any of the claims, the requisite determination and direction not being made. Other than the allegations in the answers to the motions to dismiss, the record before us does not reflect settlement of the claims against the Baines and it does not show the filing of an "order of satisfaction." That an "order of

346

satisfaction" may be filed in the future and may terminate the claims against the Baines does not suffice. *Merlands Club v. Messall*, 238 Md. 359. On the record those claims were pending when the appeals were noted. The appeals were therefore premature and must be dismissed. *Flores v. King*, 13 Md. App. 270; *Knight v. Tolson*, 10 Md. App. 311. Compare *Harlow v. Schrott*, 16 Md. App. 31; *Burns v. Goynes*, 15 Md. App. 293.

In view of our holding we have no need to consider the effect of the appeals on the motion for a protective order.

> *Appeals dismissed; appellants to pay costs; mandate to issue forthwith.*