ASSOCIATED REALTY COMPANY *v.* DAVID KIMMELMAN ET AL.

[No. 123, September Term, 1973.]

*Decided November 23, 1973.*

The cause was argued before THOMPSON, POWERS and MENCHINE, JJ.

*Harry Goldman, Jr.*, with whom was *Mercedes C. Samborsky* on the brief, for appellant.

*Frederick J. Green, Jr.*, with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellees David Kimmelman and Harvey A. Blum. Submitted on brief by *John F. King* and *Anderson, Coe & King* for other appellee.

THOMPSON, J., delivered the opinion of the Court.

The question in this case is whether or not the trial court properly granted a motion for summary judgment based upon the Statute of Limitations. We hold that it did.

On April 27, 1971, Associated Realty Company, the appellant, filed its declaration against two lawyers, David Kimmelman and Harvey A. Blum, appellees, alleging mishandling of a trial and appeal in the case of *Associated Realty v. Cadillac Jack*, 250 Md. 371, 243 A. 2d 543 (1968). The declaration contained two "Actions". The "First Action" contained only one count which alleged that the two attorneys negligently handled the trial heretofore mentioned. The "Second Action" contained four counts: The first was based upon implied warranty as to professional competence in the handling of the trial; the second and third were based upon the common counts; and, the fourth count charged that the defendants expressly warranted they would secure a reversal on appeal of the judgment in favor of Cadillac Jack Enterprises, Inc. By an amended declaration filed June 16, 1971, attorney William O. Goldstein was added as a Party Defendant to the proceedings.

David Kimmelman filed a demurrer to count one of the "Second Action" alleging that a suit for professional malpractice could not be based on implied warranty but must be based on negligence. Judge Walter M. Jenifer sustained the demurrer without leave to amend on October 13, 1971.

David Kimmelman and Harvey Blum filed a motion for summary judgment on December 17, 1971, alleging that the action was barred by the Statute of Limitations, Md. Code, Art. 57, § 1, in that the period of limitations in an action for negligence for professional malfeasance by an attorney in the trial of a case, begins to run on the date on which the trial court rendered the adverse verdict, May 18, 1967, and not on the date on which that verdict was affirmed on appeal, June 28, 1968. On January 17, 1972, appellant filed an answer to the motion and an affidavit of its president in support thereof. The affidavit alleged that the appellees fraudulently kept the affiant in ignorance of the corporation's cause of action by falsely asserting to him that they would reverse said loss in the Court of Appeals. On June 15, 1972, a supplemental affidavit on behalf of the appellant was filed which substantially reiterated the facts asserted in the prior affidavit. On the same day, trial judge H. Kemp MacDaniel, heard and denied the motion for summary judgment.

On December 21, 1972, the defendants Kimmelman and Blum asked the court to reconsider their motion for summary judgment in light of *Watson v. Dorsey*, 265 Md. 509, 290 A. 2d 530 (filed May 16, 1972). After a hearing on January 18, 1973, Judge MacDaniel granted the motion for summary judgment as to the "First Action" and counts one, two and three of the "Second Action." He denied the motion as to count four of the "Second Action." Substantially all of his memorandum is set out in the footnote.[1]

---

1. "The case of *Watson v. Dorsey* [citation *supra*] is very similar in the facts as to the present case and the Court of Appeals in that case ruled that where a suit against an attorney alleged neglect in calling witnesses and producing certain evidence in an ejectment suit, the cause of action accrued on the day the trial court gave judgment against the attorney's clients in

On March 1, 1973, appellant instructed the clerk to enter a judgment of non pros as to all defendants. Appeal was filed March 27, 1973.

It is not disputed but that the instant suit, insofar as it was covered by the summary judgment, would be barred by the Statute of Limitations if, in a suit against a lawyer for negligent handling of a trial, the limitations period begins to run from the date on which the trial judge renders his decision rather than from the date on which such decision is affirmed on appeal. *Watson v. Dorsey, supra,* 265 Md. at 512, specifically held that in professional malpractice suits the "Discovery Rule" would measure limitations ordinarily from the time of the trial court's judgment. Appellant concedes the soundness of this proposition, but alleges that the instant case comes within one of the exceptions set out in that case at 513-14:

> "There is no claim of fraud by the Watsons so that Code (1957, 1972 Repl. Vol.), Art. 57, Section 14, which tolls the statute when one is kept in ignorance of his cause of action by his oppressor's fraud, is not applicable . . ."

To invoke the concealment exception of Watson, appellant claims that defendants fraudulently assured him that the Court of Appeals would reverse the trial court's decision. This assurance, he now argues, kept him in ignorance of his cause of action. We do not see it that way. It is, of course, possible that had the Court of Appeals reversed, the damages from the cause of action might have been somewhat mitigated, but those assurances, assuming that they were

---

the ejection case as they 'knew or should have known' at that time the simple and obvious connection (if any) between the missing witnesses and the loss of the case. In the Watson case the action was barred by the Statute of Limitations.

"All parties in the present case agree that the Statute of Limitations had run prior to the action of the Court of Appeals but after the action of the trial court. It is even, in this Court's opinion, questionable as to whether the 4th Count should still lie as the 4th Count alleges allegations made by the attorneys that the Court of Appeals did rule in their favor, and a reliance on this allegation by the Plaintiffs."

made, would do nothing to conceal the cause of action. To the contrary, they might tend in a manner to confirm that a cause of action existed at least for the cost of the appeal.

Md. Code, Art. 57, § 14 provides as follows: "In all actions where a party has a cause of action of which he has been kept in ignorance by the fraud of the adverse party, the right to bring suit shall be deemed to have first accrued at the time at which such fraud shall or with usual or ordinary diligence might have been known or discovered." Under the specific language of the statute, it is obvious that the mere presence or absence of fraud is not necessarily determinative, rather, in the instant case, the controlling factor is whether or not the party has been kept in ignorance of his claim by the fraud. The alleged assurances of counsel did more to point up a claim than to conceal it.

If we had any doubts as to the soundness of our present decision, they would be quickly dissipated by *Leonhart v. Atkinson*, 265 Md. 219, 289 A. 2d 1 (1972). In that case, an accountant was sued for malpractice because he had recommended that his clients change from an accrual to a cash accounting method and advised that it could be done without consent of the Commissioner of the Internal Revenue. After the change was made, additional taxes were assessed on the basis that the change could be made only with the consent of Internal Revenue. The accountant assured them that an appeal to the Tax Court and the United States Court of Appeals would be successful. When the appeals were not successful, a suit for damages was filed. The Court of Appeals of Maryland held the action to be barred by the Statute of Limitations. In part, the Court said:

> "We do not think appellants have alleged facts from which waiver or estoppel could be found. All they have shown is that after appellee erroneously advised them, he continually maintained his position and recommended that the matter be pursued in the tax court. It was not alleged that the accountant at any time asked the Leonharts to forbear bringing suit against him. It was also not

> alleged that Atkinson indicated he would waive the defense of limitations should the appellants later make a claim, or that he induced them not to file suit by giving assurances that he would settle any claim they might make. (citations omitted.) In the present appeal the only conclusion that can be drawn is that the delay in filing the suit was due to the lack of diligence on the part of the Leonharts." *Id.* at 228.

There is no allegation in the instant case that there was any request to forbear suit; that limitations would not be raised; nor, that appellant would make settlement of any claim; nor was there any other allegation of this type. Thus, there was no fraud within the contemplation of Md. Code, Art. 57, § 14.

At oral argument, appellant argued that it was improper to grant a summary judgment in cases where "motive, intent, subjective feelings and reactions, consciousness and conscience were to be searched," citing Barron and Holtzoff, *Federal Practice and Procedure With Forms,* Rule 56, § 1232.2. Without examining the cases cited, we note that on page 112, the author states: "It is not correct that summary judgment must be denied merely because state of mind, or 'consciousness and conscience' is involved." We have assumed that the action was false and fraudulent but held that such falsity or fraud did not alone establish that the fraud kept the plaintiff in ignorance of its claim; thus even the rule advocated by the appellant would not be applicable.

In addition, the appellant makes a number of other subsidiary arguments. He alleges that the summary judgment denied the appellant's constitutional right to a jury trial. This argument has been answered by the Court of Appeals of Maryland and this Court in a number of cases, to wit, summary judgment does not impair the right to jury trial but determines simply what if any issues are to be tried, *e.g., Fletcher v. Flournoy,* 198 Md. 53, 61, 81 A. 2d 232 (1951) and *Mason v. Henderson,* 14 Md. App. 370, 286 A. 2d 825 (1972).

Appellant further contends the trial court committed

error in reconsidering the motion for summary judgment which had previously been denied. Whatever merit the argument might have in a proper case, we need not and do not reach the question here. Under Md. Rule 605 a [2] all judgments are subject to revision in a multi-claim or multi-party suit until the claims of all the parties against each other have been disposed of, absent both an express determination that there is no just reason for delay and an express direction for the entry of judgment. The instant case does not present such an expressed determination, therefore, the court was free to reconsider and revise its judgment at any time prior to the disposition of all of the claims. The question has been decided in other contexts by the Court of Appeals of Maryland and by this Court on many occasions, e.g., *Blocher v. Harlow*, 268 Md. 571, 578, 303 A. 2d 395 (1973); *Frericks v. Baines*, 16 Md. App. 343, 345, 296 A. 2d 706 (1972). The trial judge quite properly reconsidered the question.

The appellant's final contention is the court committed error in sustaining without leave to amend, defendant Kimmelman's demurrer to the first count of the "Second Action" and entering judgment thereon. The court also entered a summary judgment as to this count when it entered summary judgment on the other counts as heretofore set forth in our opinion. We have held the summary judgment was properly entered on the basis of the Statute of Limitations; therefore, we do not reach the question, presented by the briefs, of whether or not *Benson v. Mays*, 245 Md. 632, 227 A. 2d 220 (1967) precludes a suit in contract under an implied warranty to recover for

---

2. Md. Rule 605 a: "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

professional malfeasance. Under Md. Rule 605 the right of the trial judge to reconsider the judgment is clear, as discussed above.

On May 30, 1973, this Court denied appellees' Motion to Dismiss the Appeal without stating reasons therefor. In their brief, appellees renew the motion. They argue that as the summary judgment was entered on January 18, 1973, as to all counts except the fourth count of the "Second Action", any appeal therefrom must be filed under Md. Rule 1012 within thirty days thereafter. They reason that the entry of the non pros judgment as to count four of the "Second Action" could not extend the time for appeal. We denied the motion on May 30, 1973, and deny it now for the reason that the question is governed by Md. Rule 605 set out in Note 2, *supra.* The trial judge entered no express determination that there was no just reason for delay when he directed the entry of the summary judgment, therefore, the judgment was not final and appealable until the claims of all the parties had been disposed of in the proceedings. *Blocher v. Harlow, supra; Frericks v. Baines, supra.* The appeal was filed within 30 days after all claims were disposed of.

*Judgment affirmed.*
*Appellant to pay the costs.*[3]

---

**3.** The record shows that a motion for a summary judgment was made by David Kimmelman and Harvey A. Blum. William O. Goldstein was not a party thereto and the judgment did not purport to affect him. It appears to us that the claim against him was disposed of by the non pros judgment and that he is not a proper party to the appeal. This affects neither the judgment of this Court nor its opinion.