**Harold WEISBERG and Lillian Weisberg, Appellants,**

v.

**WILLIAMS, CONNOLLY & CALIFANO et al., Appellees.**

**No. 12772.**

District of Columbia Court of Appeals.

Argued May 2, 1978.

Decided Aug. 14, 1978.

Rehearing En Banc Denied Oct. 4, 1978.

James H. Lesar, Washington, D. C., for appellants.

David N. Webster, Washington, D. C., with whom Robert L. Weinberg, Washington, D. C., was on the brief, for appellees.

Before KELLY, YEAGLEY and MACK, Associate Judges.

KELLY, Associate Judge:

The trial court dismissed a complaint for legal malpractice filed October 21, 1976, by appellants Harold and Lillian Weisberg, against the law firm of Williams, Connolly & Califano.[1] Appellants claim on appeal that the trial court erred in determining that their malpractice suit was barred by the statute of limitations. For the reasons which follow, we affirm.

In Count I of the complaint, appellants asserted that they had retained appellees in February 1964, to prosecute claims against the United States government for alleged

---

1. Appellees are the law firm, predecessors to that firm and individual and former members thereof.

damage to them and their property caused by military helicopter and jet flights over their chicken farm and residence. Appellants complained that the appellees negligently handled their case (*Weisberg v. United States,* Civil No. 16392 (U.S.D.C.Md. 1965)), in that, *inter alia,* they failed to promptly file a complaint under the Federal Tort Claims Act (28 U.S.C.A. §§ 1346, 2671 *et seq.*), thereby allowing the statute of limitations to run on the major part of appellants' claims under the Act and making it impossible to recover the amount of damages to which appellants considered themselves entitled. In Count II of the complaint, appellants asserted that appellees committed two wanton and wilful acts of reckless indifference to the duties owed to them: (1) appellee Peter Taft's allegedly prejudicial withdrawal from the case, and (2) the alleged concealment of the running of the statute on appellants' Federal Tort Claims Act and Tucker Act (28 U.S.C.A. § 1346(a)(2)) claims.[2]

■ The trial judge held that the legal malpractice cause of action against appellees accrued on September 20, 1965, when the statute of limitations defense to appellants' Federal Tort Claims Act claim was first pled.[3] The trial judge based his determination on *Noel v. National Savings & Trust Co.,* 81 U.S.App.D.C. 351, 158 F.2d 410 (1946), which decision he considered binding under our holding in *M.A.P. v. Ryan,* D.C. App., 285 A.2d 310 (1971). *Noel* supports the proposition that a negligence cause of action against a former fiduciary-administrator for allowing the statute of limitations to run on a claim accrues at the latest when the debtor pleads the statute as a defense in an action brought by successor fiduciaries to collect on the underlying claim (a note).[4] Contrary to the trial court's holding, we do not regard *Noel* as binding precedent in the instant case and are of the opinion that there is no reported decision in this jurisdiction that specifically addresses the question before us—*i. e.,* when the statute of limitations begins to run on a malpractice action against an attorney who has failed to timely file a client's claim.

■ The issue posed by appellees' motion to dismiss is, in the words of the trial court, "[W]hen did this cause of action [against appellees] *accrue*?" (Emphasis in original). With exceptions not pertinent here, the District of Columbia statute requires actions to be brought within three years "from the time the right to maintain the action accrues." D.C.Code 1973, § 12–301. In ordinary negligence actions, this means the time when the plaintiff suffers injury, and in *Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson,* 127 U.S.App.D.C. 93, 381 F.2d 261 (1967), *cert. denied,* 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135 (1968), the United States Court of Appeals for the District of Columbia Circuit held that the same principles should govern the accrual of a cause of action for legal malpractice as govern any other negligence action. *Id.* at 94, 381 F.2d at 262.

■ Citing for support as binding precedent the *Fort Myers* case in which the court rejected a special rule of accrual for legal

2. A prior suit based on these two Acts had been filed against the government for injuries to the chicken farm. *Weisberg v. United States,* 193 F.Supp. 815 (D.Md.1961). Appellants recovered damages of $750 in that suit.

3. Appellants retained the Williams' firm in February 1964. The complaint was filed in the federal district court in Baltimore, Maryland, on May 3, 1965.

4. In *Noel,* the successor trustees brought suit against the administrator of the estate after the debtor's statute of limitations defense was finally sustained by an appellate court. *See Noel v. Baskin,* 76 U.S.App.D.C. 332, 131 F.2d 231 (1942). They argued that the date of final judgment was the date on which their cause of action arose. The United States Court of Appeals for the District of Columbia rejected this argument and affirmed the judgment dismissing the complaint against the original administrator on the ground that it, in turn, was barred by the limitations period. Although the suit against the administrator was brought within three years of the appellate court's decision sustaining the debtor's defense, it was brought more than three years after the statute of limitations had been pled.

malpractice actions,[5] appellants erroneously argue that their claim was brought within three years of the date of injury by fixing that date as (1) October 26, 1973, the date on which appellants' successor attorney informed them that the judge had ruled that the statute of limitations period had run on part of their claims; or (2) March 21, 1974, the date on which appellants finally settled the case against the government for less than they settled the case against the government for less than they would have absent appellees' alleged negligence in handling their case. While we need not, and cannot, pinpoint the precise moment when in all cases the cause of action for legal malpractice based on negligently allowing the statute of limitations to run on a client's claim accrues, it is clear that neither of the above dates suggested by appellants in this case is acceptable because both are well beyond the point at which appellants suffered injury.[6] See *Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson, supra.* See also W. Prosser, The Law of Torts, at 143–44 (4th ed. 1971). Therefore, even though we disagree with the trial court's interpretation of *Noel,* we do agree that, in any event, the facts of record here clearly support its holding that the statute of limitations period had run on appellants' legal malpractice claim against appellees.

Seeking to avoid the harsh result of *Noel,* appellants have alleged that appellees concealed the running of the statute of limitations on their claim against the government and that the alleged concealment of the stale claim tolled the running of the applicable statutory period. But this argument, even if valid, does not save their legal malpractice action from appellees' statute of limitations defense.

■ The initial focus of appellants' concealment contention is appellees' continued representation of appellants.[7] We note that several states have adopted the so-called "continuous representation rule," the effect of which is to toll or defer accrual of the malpractice cause of action. In those jurisdictions, when the injury to the client may have occurred during the period the attorney was retained, the malpractice cause of action does not accrue until the attorney's representation concerning the particular matter in issue is terminated. *E. g., Grago v. Robertson,* 49 A.D.2d 645, 370 N.Y.S.2d 255 (1975); *Keaton Co. v. Kolby,* 27 Ohio St.2d 234, 271 N.E.2d 772 (1971); *Siegel v. Kranis,* 29 A.D.2d 477, 288 N.Y. S.2d 831 (1968). In this case, appellants brought suit more than five years after appellees were granted leave to withdraw as appellants' counsel on May 7, 1971. Thus, even if this court were to adopt the "continuous representation rule," appellants' claim would still be barred by the statute of limitations.

■ It is well settled that fraudulent concealment of the existence of a cause of action tolls the running of a conventional statute of limitations. *Emmett v. Eastern Dispensary and Casualty Hospital,* 130 U.S. App.D.C. 50, 55 & n.22, 396 F.2d 931, 936 & n.22 (1967). And in the legal malpractice field, there is widespread agreement that the statute will not run where the existence of a cause of action for legal malpractice has been fraudulently concealed by affirmative misrepresentations. *See, e. g., Associ-*

5. The specific issue in *Fort Myers* was whether the limitations period in a legal malpractice action begins to run from the date of the *injury* or the date of the *act* causing the injury. The trial court held, in accordance with the then prevailing doctrine, that the limitations period began upon the occurrence of the essential facts constituting the cause of action. The United States Court of Appeals for the District of Columbia Circuit rejected the "occurrence rule" and instead adopted the more modern "damage rule", holding that the cause of action accrued when the plaintiff-client suffered actual injury.

6. Because the trial court regarded *Noel* as controlling, it held that appellants' cause of action accrued on September 20, 1965, the day the defense was first pled, presumably the date of the injury.

7. Under the trial judge's ruling, appellants' malpractice claim became barred on September 20, 1968, see D.C. Code 1973, § 12–301, at which time appellees were still representing appellants.

*ated Realty Co. v. Kimmelman,* 19 Md.App. 368, 311 A.2d 464 (1973); *Goldberg v. Bosworth,* 29 Misc.2d 1057, 215 N.Y.S.2d 849 (1961). Concealment will exist if the attorney has knowingly made false representations; it is only then that his conduct, by way of estoppel or otherwise, will toll the running of the statute. *See Wilson v. LeFevour,* 22 Ill.App.3d 608, 317 N.E.2d 772 (1974). In this case, there is no evidence that appellees employed any means to mislead appellants, *see Partrick v. Groves,* 115 N.J.Eq. 208, 211, 169 A. 701, 702 (1934).

Moreover, a fraudulent concealment tolls a statute of limitations only for so long as the concealment endures. The United States Court of Appeals for the District of Columbia has held that "[o]ne well established defense to a claim of fraudulent concealment is that the plaintiff knew, or by the exercise of due diligence could have known, that he may have had a cause of action." *Westinghouse Electric Corp. v. City of Burlington, Vermont,* 122 U.S.App.D.C. 65, 67, 351 F.2d 762, 764 (1965). *Accord, Emmett v. Eastern Dispensary & Casualty Hospital, supra,* 130 U.S. App.D.C. at 57 & n.35, 396 F.2d at 938 & n.35. It is on this basis that the trial court decided not to rule on the existence or the effect of the concealment contention. For, as the court stated:

> [T]he Statute of Limitations was pled again on December 5, 1972 . . . [at which time appellants] were represented by successor counsel and certainly should have been aware that their case contained a Statute of Limitations problem.
> . . .

Since that second raising of the limitations defense was also made more than three years before the filing of this suit, and appellants as of that date were on actual notice of all the elements that formed the basis of their claim against appellees,[8] appellants' concealment argument does not bar the successful raising of appellees' statutory defense.[9]

Accordingly, the order dismissing appellants' complaint as barred by the statute of limitations is

*Affirmed.*

---

**8.** A similar analysis is made in jurisdictions which have adopted the so-called "discovery rule." The premise of the discovery rule is to delay the running of the statutory period until the client knows or should know all material facts essential to show the elements of that cause of action. *E. g., Kohler v. Woollen, Brown & Hawkins,* 15 Ill.App.3d 455, 304 N.E.2d 677 (1973); *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421 (1971); *Mumford v. Staton, Whaley & Price,* 254 Md. 697, 255 A.2d

359 (1969). When the client attains such knowledge, he/she must be reasonably diligent in acting upon those facts. *See Watson v. Dorsey,* 265 Md. 509, 290 A.2d 530 (1972).

This jurisdiction has applied the discovery rule in medical malpractice actions, *see Jones v. Rogers Memorial Hospital,* 143 U.S.App.D.C. 51, 442 F.2d 773 (1971), and *Burke v. Washington Hospital Center,* 293 F.Supp. 1328 (D.D. C.1968).

**9.** Appellants' claim that there were unresolved issues of fact on this issue is not persuasive.