**Alfred A. NORFLEET, et al.,**
**Appellants,**

v.

**Sol Z. ROSEN, Appellee.**

No. 86–1260.

District of Columbia Court of Appeals.

Argued Dec. 17, 1987.
Decided March 25, 1988.

---

Alfred A. Norfleet, pro se.

Sol Z. Rosen, Washington, D.C., pro se.

Before BELSON, TERRY and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Appellants retained appellee Rosen, an attorney, to handle a civil rights law suit in federal court in Maryland. The law suit was settled. Subsequently appellants, acting *pro se*, filed an action in our court system against Rosen and others for malpractice in connection with the Maryland suit. Rosen moved to dismiss and quash service, and his motion was granted. Before us is only the dismissal, which was based on the running of the statute of limitations. Since matters outside the pleadings were presented to the court, we treat it as a motion for summary judgment. *Bernay v. Sales*, 435 A.2d 398, 400–01 (D.C.1981) (per curiam). We hold that appellants raised a genuine issue of fact relevant to the statute of limitations determina-tion sufficient to preclude the entry of summary judgment. Hence, we must reverse.

In moving for summary judgment, Rosen took the position that the statute of limitations commenced to run no later than July 6, 1982, the date that the Maryland case was settled. All parties agree that the limitations period in the District of Columbia for legal malpractice claims is three years. D.C.Code § 12–301(8) (1981). *See Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 994 (D.C.1978). Therefore, argues Rosen, since appellants did not file their current suit until August 3, 1985,[1] it was barred and the trial court was correct in so ruling.

Appellants, however, point to the assertion in the affidavit filed with their opposition to Rosen's motion that "Mr. Rosen concealed the pretrial order of [United States District] Judge [Norman P.] Ramsey," the judge who had presided over the Maryland suit. This assertion, they argue, invokes the well-settled principle that "fraudulent concealment of the existence of a cause of action tolls the running of a conventional statute of limitations." *Weisberg, supra*, 390 A.2d at 995. *See also William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191 (D.C.1980) (where basis of a cause of action is fraudulently concealed, "statute will not commence to run until the plaintiff discovers or has a reasonable opportunity to discover the wrong").

The trial court understandably could have some difficulty in dealing with appellants' argument because of a combination of factors. First, through no apparent fault of appellants, their opposition to Rosen's motion was mishandled in the clerk's office. Therefore, despite the trial court's commendable but unsuccessful efforts to reach *pro se* appellants before ruling, the original order granting Rosen's motion was entered in part "based on the failure to file an opposition with the Court."[2] Appel-

1. Appellants had previously filed a similar suit in the United States District Court for the District of Columbia on July 5, 1985. That complaint was dismissed on jurisdictional grounds on July 30, 1985.

2. The original order granting Rosen's motion was entered on January 17, 1986. Subsequently it was discovered that appellants' opposition had in fact been filed on October 7, 1985. On July 29, 1986, the trial court entered a new order, ruling: "Having now reconsidered the Order of

lant's opposition, therefore, was taken into account only on what was in effect a motion for reconsideration. Second, appellants' opposition itself was somewhat cryptic in setting forth their full position. It in effect incorporated by reference appellants' lengthy memorandum of points and authorities filed a few weeks earlier in opposition to a motion to dismiss filed by Rosen's codefendants.[3] In that memorandum, appellants identified specifically the "pretrial order" which Rosen was charged with concealing, attaching it as Exhibit D to the memorandum. A third perhaps unusual element is that Exhibit D, the "pretrial order," was actually a four-page letter dated June 8, 1982, from Judge Ramsey to all counsel in the Maryland case, ruling upon various matters of pretrial relief requested by the defendants. Among other matters, the judge struck plaintiffs' claim for compensatory and punitive damages on the basis of the undue delay and other dilatory action by plaintiffs' counsel. Once the letter is read, appellant's assertion that its concealment was related to the statute of limitations issue, at least as to those possible acts of malpractice raised by the letter, becomes cogent.

It is true that language in the *Weisberg* case indicates that affirmative misrepresentation may be required. Further, the letter may have been a matter of public record in the court files. A question may also exist as to the importance of mere knowledge of the contents of the letter as opposed to affirmative realization that its contents could merit a malpractice action. These issues may be relevant to the ultimate disposition of the case and might have been relevant to the summary judgment motion. However, they were not squarely raised or dealt with by Rosen before the trial court, and we therefore do not deal with them on this appeal.[4]

In sum, we are compelled to conclude that a material contested issue of fact— whether concealment had occurred—was sufficiently presented to preclude the grant of Rosen's motion to dismiss. *Nader v. de Toledano*, 408 A.2d 31 (D.C.1979),. cert. denied, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980); *see McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1259 (D.C.1983) (moving party has burden to demonstrate absence of any material factual issue). Accordingly, that portion of the order appealed from dismissing the complaint is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

---

January 17, 1986 in light of Plaintiffs' Opposition, this Court does not find any justification for reversing its decision on January 17, 1986." Although the court suggested that the October 7, 1985 filing was untimely, it did not state that it was ruling on that basis.

3. Rosen's codefendants were certain members of the firm of Wald, Harkrader and Ross. That firm had represented appellants in the Maryland litigation until succeeded by Rosen sometime in early 1980. The order granting that firm's motion to dismiss was affirmed by us in an unpublished memorandum opinion and judgment filed November 14, 1986.

4. The statute of limitations is an affirmative defense incumbent upon Rosen to establish. This did not preclude Rosen's right to raise the issue by way of a motion prior to filing an answer, *see Whitener v. WMATA*, 505 A.2d 457 (D.C.1986), but it did, we think, place an added duty upon Rosen to deal fully with the issue in his motion and accompanying papers (including the reply to appellants' opposition). Rosen's assertion in his answer to appellants' opposition that they had "all the files in the case" by July 6, 1982 only further shows that there was indeed a dispute as to an issue of fact. Although Rosen asserts before us "a complete failure" by appellants to show when they first learned that their claim for damages had been dismissed, appellants' opposition to the Wald, Harkrader and Ross motion indicates that they did not become aware of this until August 1982.