**Donald GREELY, Plaintiff,**

v.

**CLAIROL, INC., Defendant.**

**Civ. A. No. Y–87–375.**

United States District Court,
D. Maryland.

July 14, 1988.

Robert B. Fitzpatrick, Washington, D.C., for plaintiff.

Matthew B. Ruble, Theodore Sherbow, Baltimore, Md., and Samuel D. Rosen, New York City, for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Donald Greely sued defendant Clairol, Inc. for breach of his employment contract under Maryland common law and for employment discrimination based on age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621–634. Defendant now moves for summary judgment, claiming that it had the right to terminate plaintiff "at will," and that its decision to do so was motivated solely by plaintiff's poor job performance.[1]

### Background

Plaintiff joined defendant's parent company, Bristol Myers, Co., as a sales representative in 1966. The following year, Bristol Myers transferred him to defendant, where he worked for the next nineteen years. Although plaintiff's performance as

---

1. Both parties appear obsessed with the applicable standard of review for summary judgment. In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986), the United States Supreme Court provided:

[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. ... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for the jury to return a verdict for that party.

This Court will review defendant's motion for summary judgment accordingly.

a sales representative was generally satisfactory, *see, e.g.,* Defendant's Memorandum, Exhibit 1 (plaintiff's 1977 performance appraisal), it deteriorated over time.

In his March 1984 performance appraisal, plaintiff barely met defendant's overall performance expectations and was informed that improvement was necessary in every major area of review. *See* Defendant's Reply Memorandum, Exhibit 1. Plaintiff subsequently failed to meet defendant's overall performance expectations in his March 1985 performance appraisal and was notified that he would be reviewed again in ninety days. *See* Defendant's Memorandum, Exhibit 3. In fact, plaintiff was allowed nearly a year to improve his performance because his supervisor, who had reviewed his work, was promoted. Plaintiff's subsequent supervisor worked with plaintiff for several months before independently concluding in February 1986, that he should be terminated based on his poor performance. *See* Defendant's Memorandum, Exhibit 6 at 67 (Petro deposition).

Defendant's management unanimously approved plaintiff's termination and discharged him on February 19, 1986. *See* Defendant's Memorandum, Exhibit 7 at 8, 16 (defendant's response to plaintiff's interrogatories). Plaintiff, who was forty-seven years old at the time, conceded that his job performance had been "below par" from November 1984, until his discharge in February 1986. *See* Defendant's Memorandum, Exhibit 2 at 106 (plaintiff's deposition). In fact, plaintiff told a fellow sales representative that he had been fired solely on account of his poor performance. *See* Defendant's Memorandum, Exhibit 8 at 38 (Katz deposition). Defendant hired a twenty-three year old woman to fill plaintiff's position. *See* Plaintiff's Memorandum, Exhibit 5 at 3 (Howarth deposition).

*Breach of Employment Contract Claim*

■ Plaintiff claims that defendant breached his employment contract by terminating him. Under Maryland common law, "an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time." *Adler v. American Standard Corp.,* 291 Md. 31, 35, 432 A.2d 464 (1981). However, plaintiff argues that defendant limited its termination discretion in its employment manual. Plaintiff cites defendant's commitment to "provide equal opportunity and treatment for each employee," to measure employee performance "accurately and fairly" semi-annually, and to provide an employee one to three months to correct a performance deficiency as indicia of this contractual obligation.[2] *See* Plaintiff's Memorandum, Exhibit 18 at III–6, V–1, V–10 (defendant's manual).

An employer's personnel policy statement which limits termination discretion "may, if properly expressed and communicated to the employee," contractually bind the employer; however "not every statement made in a personnel handbook or other publication will rise to the level of an enforceable covenant." *Staggs v. Blue Cross of Maryland,* 61 Md.App. 381, 392, 486 A.2d 798, *cert. denied,* 303 Md. 295, 493 A.2d 349 (1985). In this case, defendant's manual begins its section entitled "Termination of Employment" by expressly providing: "employment at Clairol may be terminated by either party at any time or without cause." *See* Plaintiff's Memorandum, Exhibit 18 at V–9.

Defendant reserved its common law right to terminate its employees at will in a clear and conspicuous manner in its employment manual. *See Castiglione v. Johns Hopkins Hospital,* 69 Md.App. 325, 340, 517 A.2d 786 (1986), *cert. denied,* 309 Md. 325, 523 A.2d 1013 (1987). Accordingly, the Court concludes that defendant did not breach its employment contract with plaintiff and grants defendant's motion for summary judgment as to this claim.

*Age Discrimination Claim*

■ Plaintiff also claims that defendant practiced age discrimination by replacing

---

**2.** Ironically, plaintiff previously conceded that defendant always had the right to terminate him at any time with or without cause, and that defendant did not make any agreement with him to the contrary. *See* Defendant's Memorandum, Exhibit 2 at 62, 63 (plaintiff's deposition).

him with a younger employee. The ADEA provides in pertinent part: "It shall be unlawful for an employer ... to discharge any individual ... because of such individual's age. 29 U.S.C. § 623(a)(1). Plaintiff is entitled to the protections of the ADEA because he was over forty years old when defendant terminated him. 29 U.S.C. § 631(a).

To establish a cause of action under the ADEA, plaintiff must prove that "but for" defendant's motive to discriminate against him based on his age, he would not have been terminated. *Goldberg v. B. Green and Co.*, 836 F.2d 845, 847 (4th Cir.1988).

> [Plaintiff] may meet [his] burden 'under ordinary principles of proof by any direct or indirect evidence relevant to and sufficiently probative of the issue.' Alternatively, [he] may rely on the judicially created proof scheme for Title VII cases, which has been adapted for application in ADEA litigation.

*EEOC v. Western Electric Co.*, 713 F.2d 1011, 1014 (4th Cir.1983) (citations omitted).

To establish a *prima facie* ADEA discharge case, plaintiff must show that "(1) he was in the protected age group; (2) he was fired; (3) his job performance met the employer's legitimate expectations; [and] (4) he was replaced by a younger employee." *Johnson v. Flowers Industries, Inc.*, 814 F.2d 978, 980 (4th Cir.1987). If plaintiff establishes a *prima facie* case, defendant must produce evidence showing a legitimate, nondiscriminatory reason for terminating plaintiff. *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 239–40 (4th Cir.1982). Plaintiff then has an opportunity to challenge defendant's explanation with evidence showing that it is a pretext for age discrimination. *Id.*

Plaintiff clearly satisfies the first, second, and fourth elements of the *prima facie* case; however, he fails to prove that his job performance met defendant's legitimate expectations. Plaintiff's supervisor found his work unacceptable and gave him ninety days to improve. The supervisor's successor worked with plaintiff for several additional months to formulate her own opinion as to the quality of his work. When she recommended plaintiff's termination, defendant's management unanimously agreed. Plaintiff acknowledged that his performance had not been "up to par" for several years and attributed his discharge to this fact in conversation with a fellow employee.[3] In light of plaintiff's failure to establish a *prima facie* case, the Court grants defendant's motion for summary judgment as to this claim.

Plaintiff also claims that defendant practiced age discrimination against several other sales representatives. *See* Plaintiff's Complaint ¶ 27. "In alleging [a] system-wide pattern or practice [of] discrimination, [plaintiff must] prove more than mere occurrence of isolated or sporadic discriminatory acts. ... [Plaintiff must] establish by a preponderance of the evidence that age discrimination was [defendant's] 'standard operating procedure—the regular rather than the unusual practice.'" *Western Electric*, 713 F.2d at 1016 (quoting *Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 1855, 52 L.Ed.2d 396 (1977)).

Plaintiff fails to satisfy this proof requirement. At the time of his deposition, plaintiff identified five sales representatives in his region who were over forty years old, four who were "around" forty years old, and six who were younger than forty years old. Plaintiff conceded that defendant had only terminated two sales representatives in his region: himself and a woman under the age of forty. *See* Defendant's Memorandum, Exhibit 2 at 417–20 (plaintiff's deposition).

Moreover, when defendant notified plaintiff in March 1985, that he had to improve his performance, it also made a similar

---

3. Plaintiff claims that his job performance suffered after he incurred neck and back injuries in a November 1984 employment accident and after his one day old twins died in November 1985. *See* Plaintiff's Memorandum at 13 n. 8. Although the Court is sympathetic to plaintiff's misfortune, it notes that as early as March 1984, defendant informed plaintiff that he barely met its overall performance expectations and warned him that improvement was necessary in every major area of review. *See* Defendant's Reply Memorandum, Exhibit 1 (plaintiff's March 1984 performance appraisal).

warning to another twenty-year veteran sales representative who was also over forty years old. Unlike plaintiff, this sales representative improved his performance and received a pay raise six months later. *See* Defendant's Memorandum, Exhibit 8 at 10–11, 16–17, 33 (Katz deposition). Since plaintiff fails to prove a pattern or practice of age discrimination by defendant, the Court grants defendant's motion for summary judgment as to this claim.

### Conclusion

The Court finds that plaintiff's breach of employment contract and age discrimination claims do not present "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c). Accordingly, the Court grants defendant's motion for summary judgment and enters judgment in favor of defendant.