883 F.2d 68
 50 Fair Empl.Prac.Cas. 837,
4 Indiv.Empl.Rts.Cas. 1056
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald GREELY, Plaintiff-Appellant,
v.
CLAIROL INCORPORATED, Defendant-Appellee.
 No. 88-2899.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1989.
Decided Aug. 14, 1989.
 
 Robert B. Fitzpatrick (David R. Cashdan, Mark D. Laponsky, Fitzpatrick, Verstegen & Cashdan on brief) for appellant.
 Samuel D. Rosen (Milgrim Thomajan & Lee, P.C., Lawrence M. Schopp, George L. Graff, Meredith H. Savitt on brief) for appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Donald Greely appeals the district court's grant of summary judgment in favor of his former employer, Clairol, Inc., on his breach of contract and age discrimination claims. The district court found that Greely was an "at will" employee, and therefore could not sustain an action for breach of an employment contract. The court also found that Clairol had demonstrated an independently effective reason for Greely's termination, other than his age, and that Greely had failed to demonstrate that this independent reason was a "mere pretext" for age discrimination. We agree with the findings of the district court, and affirm the grant of summary judgment.
 
 I. Factual and Procedural Background
 
 2
 In February, 1986, the appellant was fired from his job as a sales representative with the appellee, Clairol Incorporated. At that time Greely was forty-seven years old. He was the oldest sales representative in his district and the second oldest in his region. After his termination, Greely's accounts were given to a much younger sales representative.
 
 
 3
 Greely had worked for Clairol since 1966, and his performance was generally satisfactory. In recent years, however, that performance had deteriorated. Greely's March, 1984, performance appraisal demonstrates that at that time, he barely met Clairol's overall performance expectations. Greely was informed that he needed to improve in every major area of his job. After his performance did not improve, Greely was demoted from "Senior Sales Representative" to "Sales Representative" in November, 1984.
 
 
 4
 At his March, 1985, annual review, Greely received an overall rating of "below expectations." Greely's immediate supervisor, Pat Hager, gave him a detailed list of performance objectives, which he was to meet within ninety days. At the end of those ninety days, Greely's performance would be reviewed again. It is unclear whether Greely was explicitly told that the company had placed him on "probation."
 
 
 5
 During the probationary period, Ms. Hager was promoted, and was replaced by Nancy Petro. Rather than reviewing Greely at the end of the initial ninety-day period, Ms. Petro elected to work with him for several months to review the situation. This review included travelling with Greely on visits to a number of his customers. On the basis of these visits, Ms. Petro advised Greely on measures to improve his sales to those customers. She then revisited the customers herself, to see if Greely had implemented her suggestions, many of which simply reiterated standard company sales procedures. When her work with appellant failed to give rise to improvement in his performance, Ms. Petro concluded that Greely should be fired, and made that recommendation to her superiors. Clairol's management unanimously approved that recommendation.
 
 
 6
 Following his termination, appellant filed this action in the United States District Court for the District of Maryland. Greely alleges Clairol breached his employment contract, in violation of the Maryland common law, and that the company discriminated against him on the basis of his age, in violation of 29 U.S.C. 621-634.[1] The district court granted Clairol's motions for summary judgment on both claims, finding that under Maryland law Greely was an "at will" employee, and therefore he had no breach of contract claim. The court further found that Greely could not establish a prima facie age discrimination case, and that, in any event, Clairol had demonstrated an independently effective reason for Greely's termination.
 
 II. Breach of Contract Claim
 
 7
 Under Maryland common law "an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time." Adler v. American Standard Co., 432 A.2d 464, 468, 291 Md. 31, 35 (1981). Two exceptions to this rule exist. The first exception is where the employee is discharged for exercising constitutionally protected rights. DeBleeker v. Montgomery County, 438 A.2d 1348, 1353, 292 Md. 498, 506 (1982). The second exception concerns "personnel policy statements" which "limit the employer's discretion to terminate an indefinite employment or that set forth a required procedure for termination of such employment." Staggs v. Blue Cross of Maryland, 486 A.2d 798, 803, 61 Md.App. 381, 386 (Md.App.1985).
 
 
 8
 Greely argues that his case falls under the Staggs exception, and that policy statements in Clairol's employment manual limited the company's termination discretion. Those statements include a commitment to "provide equal opportunity and treatment for each employee," to measure employee performance "accurately and fairly" on a semiannual basis, and to provide an employee one to three months to correct a performance deficiency. As the Staggs court itself observed, however, "not every statement made in a personnel handbook or other publication will rise to the level of an enforceable covenant." Staggs, supra, 486 A.2d at 804.
 
 
 9
 The policy statements at issue here differ significantly from those in Staggs. That case involved a company policy memorandum which contained a separate section listing the conditions for employee termination, and the procedures that had to be followed each time an employee was discharged. The memo also contained mandatory language such as "must" and "shall." In this case, however, the employment manual lists no specific procedures for employee dismissal. And while the manual states that Clairol's general policy is to provide semiannual reviews and an opportunity to correct performance deficiencies, those policies are not couched in any sort of mandatory or promissory language.
 
 
 10
 A disclaimer found in the Clairol employment manual further supports the conclusion that Greely and the company had an at will employment relationship. That disclaimer, located next to the heading "Policies--Termination of Employment," provides: "employment at Clairol may be terminated by either party at any time with or without cause." In Castiglione v. Johns Hopkins Hospital, 517 A.2d 786 (Md.App.1986), the Maryland Court of Appeals held that the Staggs exception does not apply where terms in a policy statement "clearly and conspicuously disclaim the contractual intent." 517 A.2d at 793. Castiglione involved an employee handbook which stated that it did not "constitute an express or implied contract." 517 A.2d at 792. While Clairol's disclaimer is not as explicit as the one in Castiglione, the Maryland court made clear that the key question in cases such as this is whether the disputed language indicates the employer's intent to limit its termination discretion. Id. at 593. The language in the Clairol manual is effective to negate any such contractual intent on the company's part.
 
 
 11
 Greely also argues that the disclaimer relied upon by the district court to find appellant was an at will employee cannot be applied to him. During the time Greely worked for Clairol, the company issued two different employment manuals. The first of those manuals, issued to Greely when he began work, did not contain the disclaimer language. Greely asserts that this first manual represents the employment contract he consented to and relied upon. He further claims that it would be an illegal unilateral modification of his employment contract if the court allows the disclaimer incorporated in the second manual to affect that contract.
 
 
 12
 Greely cites Thompson v. Kings Entertainment, 653 F.Supp. 871 (E.D.Va.198), as support for this argument. In that case the defendant-employer issued two employment manuals. The first had no contractual disclaimer, the second did. The district court denied the defendant's motion for summary judgment because questions existed as to whether the plaintiff-employee had understood that his status had been changed by the second manual to that of an at will employee, and whether he had continued to work despite this change. Thompson, supra, 653 F.Supp. at 876. In the instant case, Greely's deposition testimony reveals that he always understood himself to be an at will employee. Clairol, therefore, has established that appellant accepted any contract modification affected by the second manual.
 
 III. The Age Discrimination Claim
 
 13
 To establish a prima facie ADEA discharge case, a plaintiff must show that: "(1) he was in the protected age group; (2) he was fired; (3) his job performance met the employer's legitimate expectations; [and] (4) he was replaced by a younger employee." Johnson v. Flowers Industries, Inc., 814 F.2d 978, 980 (4th Cir.1987). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for firing the plaintiff. Lovelace v. Sherwin-Williams, 681 F.2d 230, 239-40 (4th Cir.1982). The plaintiff then has an opportunity to demonstrate that the defendant's explanation is a mere pretext for age discrimination. Id.
 
 
 14
 Assuming arguendo that Greely did establish a prima facie case, summary judgment in favor of Clairol was still proper. The company established a legitimate reason for firing Greely: despite his relatively high sales figures, he neither complied with the company sales policies nor did everything he could to maximize sales. Greely admitted this much in his deposition testimony. Thus, Clairol could have legitimately believed that, if Greely's territory was the most productive in the district despite his lack of effort, it would be even more profitable under a sales representative performing "at expectation" in every area.
 
 
 15
 Finally, Greely was unable to show that Clairol's reason for his dismissal was a mere pretext for age discrimination. He produced only one affidavit alleging that his superiors had made disparaging remarks about age. And at the time appellant was fired there were five sales representatives in his region over forty, four who were "around" forty, and six who were younger than forty. Of these fifteen people, Clairol, fired only two; Greely and a woman under forty. Moreover, at the same time Greely was placed on probation, Clairol placed another twenty-two year veteran sales representative who was over forty on probation as well. This sales representative improved his performance, received a pay raise six months later, and was retained by the company.
 
 IV. Conclusion
 
 16
 For the reasons set forth herein, the judgment of the district court granting summary judgment in favor of the defendant-appellee Clairol, Inc. is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The Age Discrimination Employment Act ("ADEA"). It is this Act which provides the basis for our exercise of jurisdiction in this case