905 F.2d 1531
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ditrich W. PINTER, Plaintiff-Appellant,
v.
SPACELABS, INC., Defendant-Appellee.
 No. 89-2436.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1990.
Decided May 10, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-87-2494-PN)
 Lawrence Edward Dube, Jr., Dube & Goodgal, Baltimore, Md., for appellant.
 Bruce Stephen Harrison, Shawe & Rosenthal, Baltimore, Md. (Argued), for appellee; Mark J. Swerdlin, Shawe & Rosenthal, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In this appeal, we consider whether SpaceLabs, Inc.'s published corporate procedures limited its ability under Maryland law to dismiss an employee hired for an indefinite term. The district court granted summary judgment in favor of SpaceLabs, finding that the corporate procedures did not alter the employment "at will" relationship between the parties. We agree and affirm the judgment of the district court.
 
 
 2
 * Ditrich Pinter went to work for SpaceLabs in 1981. He was a successful employee for several years and became a regional service manager in 1985. In the fall of that year, the company made George Sliney his superior. Sliney and Pinter did not get along well, and Sliney became quite critical of Pinter's performance as a manager. After an unfavorable review and several meetings, Sliney and Pinter came up with a plan to improve Pinter's performance in the fall of 1986. The two quickly disagreed over the exact nature of the plan and Sliney fired Pinter. Other company officers later approved Sliney's decision.
 
 II
 
 3
 Pinter now complains in this diversity action that the company failed to follow its own procedures during the firing. He relies primarily on three statements of corporate procedure issued by SpaceLabs that concern various aspects of employment with the company. He points to those portions that establish notice and review procedures whenever an employee is disciplined or terminated. He argues that these statements became terms of his employment and that SpaceLabs breached them.
 
 
 4
 Pinter readily acknowledges that Maryland courts typically view employment agreements of indefinite duration to be " 'at will, ... legally termina[ble] at the pleasure of either party at any time.' " Staggs v. Blue Cross, 61 Md.App. 381, 388, 486 A.2d 798, 801 (1985). While this general rule would preclude him relief, Pinter contends that he falls within an exception established by Staggs. The exception provides that policy statements which "limit the employer's discretion to terminate an indefinite employment" or "set forth a required procedure for termination of such employment" may become contractual terms if "properly expressed and communicated to the employee." 61 Md.App. at 392, 486 A.2d at 803; see also MacGill v. Blue Cross, 77 Md.App. 613, 616-17, 551 A.2d 501, 503 (1989). In Pinter's view, the policy statements at issue have this effect on his employment relationship with SpaceLabs.
 
 
 5
 Each of the policy statements he identifies, however, carries a clear statement disclaiming any change in the at will relationship. This raises an important limit on the Staggs exception. Maryland law states that an employer may avoid the effects of Staggs by expressly negating any intent to limit its discretion to discharge employees. Such a disclaimer must be "clear and conspicuous" so as to preclude the justifiable reliance Staggs seeks to protect. Castiglione v. Johns Hopkins Hosp., 69 Md.App. 325, 340-41, 517 A.2d 786, 793-94 (1986).
 
 
 6
 The disclaimers in this case were sufficient to put Pinter on notice that his employment with SpaceLabs remained at will. Most telling is the disclaimer in Corporate Procedure 50-4, which is entitled "termination of employment." In the first paragraph of this four page document the company makes known, "SpaceLabs adheres to the employment-at-will doctrine; it reserves the right to terminate the employment relationship with any employee in accordance with the applicable principles of the employment-at-will doctrine."
 
 
 7
 Because we find the statements sued upon unenforceable, we affirm the grant of summary judgment in favor of SpaceLabs.