**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEITH S. GIBBY,
Plaintiff-Appellant,

v.

No. 97-2051

INTERNATIONAL BUSINESS MACHINES
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-96-2860-DKC)

Submitted: May 26, 1998

Decided: July 28, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bruce M. Bender, VAN GRACK, AXELSON & WILLIAMOWSKY,
Rockville, Maryland, for Appellant. Theresa K. Mohan, INTERNA-
TIONAL BUSINESS MACHINES CORPORATION, White Plains,
New York; Anthony Herman, Glen D. Weinstein, COVINGTON &
BURLING, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith S. Gibby appeals the district court's order dismissing his civil action alleging breach of contract and related claims. For the reasons that follow, we affirm.

Gibby, while an employee of International Business Machines Corporation ("IBM"), submitted four sets of suggestions under a company "Suggestion Plan" ("Plan"). Under the Plan, IBM encouraged employees to submit suggestions to the company and that if the company used the ideas it could, in its sole discretion, provide cash awards to the submitting employee. As noted by the district court, the Plan made it clear in unequivocal language and in several different sections of the Plan that whether IBM used the idea and whether cash would be awarded were within the sole discretion of the company.

In his complaint, Gibby alleged that he had submitted four sets of ideas under the Plan and that despite the fact that IBM had used his ideas he received no cash award; he initially sought relief for breach of contract and negligent misrepresentation. In his motion to amend the complaint, Gibby added claims for unjust enrichment and quantum meruit. In its order dismissing the action the district court granted IBM's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and denied Gibby's motion to amend, finding that Gibby's claims failed as a matter of law. To uphold a dismissal for judgment on the pleadings we must construe the allegations in the complaint favorably to the plaintiff and "find beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir. 1980) (citation omitted).

We affirm the district court's dismissal because the clear language of the Plan disclaimed any duty or obligation on behalf of IBM to

2

make any cash award. In the context of an employment relationship and based upon the clear language of the Plan, we agree with the district court that Gibby could prove no set of facts to support his claims under Maryland law.* See Castiglione v. Johns Hopkins Hosp., 517 A.2d 786, 793-94 (Md. App. 1986) (denying contract claim in employee manual where contractual intent expressly disclaimed); Ward Dev. Co. v. Ingrao, 493 A.2d 421, 425-26 (Md. App. 1984) (listing the elements of negligent misrepresentation including that plaintiff justifiably takes action in reliance on statement by defendant); Bennett Heating & Air Conditioning, Inc. v. NationsBank, 654 A.2d 949, 956-57 (Md. App. 1995) (listing elements of unjust enrichment including the retention of benefits under such circumstances as to make it inequitable for defendant to do so); Prince George's Co. v. Chillum-Adelphi Volunteer Fire Dep't, 340 A.2d 265, 274 (Md. 1975) (holding that in claim for quantum meruit plaintiff must show an agreement to pay for services).

Accordingly we affirm. See Bruce, 631 F.2d at 273-74. We dispense with oral argument as the facts and legal contentions raised by the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*The parties do not dispute that the legal issues should be resolved under Maryland law.

3