UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDA M. KARSON,
Plaintiff-Appellant,

v.

AMERICAN COLLEGE OF CARDIOLOGY,

a District of Columbia Corporation,
Defendant-Appellee.

No. 96-1680

NATIONAL EMPLOYMENT LAWYERS
ASSOCIATION,
Amicus Curiae.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CA-94-3416-CCB)

Argued: April 7, 1997

Decided: October 18, 1999

Before WIDENER, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and DOUMAR, Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stephen Michael Nassau, O'TOOLE, ROTHWELL,
NASSAU & STEINBACH, Washington, D.C., for Appellant.

Thomas Collier Mugavero, MONTEDONICO, HAMILTON & ALT-MAN, P.C., Washington, D.C., for Appellee. Nils George Peterson, Arlington, Virginia, for Amicus Curiae. **ON BRIEF:** Jeffrey Brian O'Toole, O'TOOLE, ROTHWELL, NASSAU & STEINBACH, Washington, D.C., for Appellant. William John Hickey, MONTE-DONICO, HAMILTON & ALTMAN, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff Linda Karson appeals the district court's grant of summary judgment in favor of the defendant, the American College of Cardiology, based on the court's determination that Miss Karson was a salaried employee and therefore was not entitled to overtime pay under the Fair Labor Standards Act. The court also found there was no valid claim for breach of contract. We affirm.

Miss Karson was employed by the American College of Cardiology (the College) to oversee its annual meeting. She had authority to discipline, hire and fire a staff of 10 persons who reported directly to her. She was paid a yearly salary which increased from $55,000.00 in 1989 when she was hired to $70,000.00 at the time of her dismissal in 1994. The College does not contest that Miss Karson often worked in excess of the required 37.5 hours per week. She was not paid for overtime and her biweekly paychecks did not vary in relation to the number of hours worked. She could, at her supervisor's discretion, receive compensatory time for overtime. Accrued annual leave, sick leave, or compensatory time was reduced by partial day absences as well as full day absences. Miss Karson was dismissed on March 25, 1994. After her dismissal, Miss Karson was compensated for all unused accumulated annual leave, which amount was reduced by partial-day absences.

2

Miss Karson first claims that she was fired in contravention of contractual rights established by the College's employee handbook. The handbook in effect at the time of Miss Karson's dismissal stated explicitly, at about the center of the first page of text, in bold print that "[t]his manual is not a contract and oral statements made about this handbook are not binding." The handbook also stated that the policies in the manual were subject to change at the discretion of the management.

We agree with the district court that the provisions cited by Miss Karson are guidelines and are not mandatory procedures. Considering the handbook as a whole, we find nothing in its provisions that suggests that the policies and statements in the handbook established a contractual relationship contrary to the disclaimer. See Castiglione v. John Hopkins Hospital, 517 A.2d 786, 792 (Md.App. 1986). We are thus of opinion the claim for breach of contract based on the employee handbook is without merit.

The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), requires that an employee be paid time and a half for work over forty hours a week. The Act exempts from the requirement, however, those persons "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

The employer has the burden of persuasion to show the facts required for an exemption. Clark v. J.M. Benson Co., 789 F.2d 282, 286 (4th Cir. 1986). To establish an exemption in the case at hand, the College had to show that Miss Karson's duties were sufficiently managerial and that she was paid on a salary basis. 29 C.F.R. § 541.1(f). Miss Karson conceded that she met the duties test, but challenges the district court's finding that she was a salaried employee.

An employee is paid on a salaried basis if he "regularly receives each pay period . . . a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the equality or quantity of the work performed." 29 C.F.R. § 541.118(a). The regulations allow salary deductions for absences of a day or more, but not for less than a day. 29 C.F.R. § 541.118(a)(2) and (3). The regulations also allow salary

3

deductions for "infractions of safety rules of major significance." 29 C.F.R. § 541.118(a)(5).

Miss Karson claims that she is not exempt from the Act for purposes of receiving overtime pay based on the following: (1) her vacation and sick leave were reduced for partial day absences; (2) her compensation after her dismissal for accumulated annual leave was reduced because of deductions for partial day absences; (3) written policies of the College subjected her to a reduction in pay if she took a partial day at a time when she had no accumulated sick leave; (4) she was entitled to compensatory leave based on the amount of overtime worked; and (5) the employment policies of the College subjected her to the possibility of penalties for minor disciplinary infractions.

Regarding the first two claims, the relevant regulations distinguish compensation or salary regularly received each pay period from compensation for accrued benefits such as paid leave. The Department states that while the employer may not deduct salary for partial day absences under 29 C.F.R. § 541.118(a)(2) and (3), the employer may require an employee to substitute paid leave for partial day absences without losing the exemption. Administrative Letter Ruling: Department of Labor, Wage and Hour Division, July 17, 1987. This interpretation is not plainly erroneous or inconsistent with the regulation, and is therefore controlling. Auer v. Robbins, 519 U.S. 452, 461 (1997).

The next question is whether Miss Karson was subject to other reductions in pay which would defeat her exempt status as a salaried employee. Miss Karson first claims that she would be subject to a reduction in pay in the event that she was absent because of sickness at a time when she had no accumulated sick leave. She bases this claim on the following provision in the employee handbook:

> 11. Sick leave will accrue without limit but it may not be used prior to its accrual.

Miss Karson, however, never used any sick leave prior to the time it accrued, so she had lost nothing because of Provision 11 in the handbook.

4

She argues, however, that there is a possibility of an improper deduction if she became sick and had to use sick leave prior to the time it accrued, although the provision in the handbook does not specifically require such. Donald Jablonski, the Executive Vice President of the employer, testified, however, which was noted by the district court, that Miss Karson would be advanced leave if she had exhausted all of her accumulated leave and became sick while in that situation. He testified that she would have been paid. That being true, she would have suffered no loss in pay and an improper deduction in pay would not have occurred. Jablonski's testimony was uncontradicted, and the district court concluded that Miss Karson would not have been subject to a decrease in pay on that account.

In Auer v. Robbins, the Court affirmed the judgment of the court of appeals, the opinion underlying which had provided that "[t]he mere possibility of an employee deduction in pay does not defeat an employee's salaried status." 519 U.S. 452, 460. This holding of the Court is consistent with its reasoning on page 461 of Auer approving a policy of the Secretary that absent actual deductions in pay, which did not occur here, "a clear and particularized policy--one which `effectively communicates that deductions will be made in specified situations'" is required. No such clear and particularized policy is present here.

We are thus of opinion this assignment of error is without merit.

The employer from time to time, in the discretion of a supervisor, awarded compensatory time off in recognition of good performance or long hours by salaried employees. The pay of the employees was not affected. We agree with the district court that this is not sufficient to defeat the executive exemption for Miss Karson.

Finally, Miss Karson claims that the handbook policies on tardiness subjected her to a reduction in pay based on the provision stating that "[u]nexcused absences or tardiness will render the employee subject to disciplinary action." There is no clear and particularized policy for loss of pay for minor disciplinary infractions. Her claim is that this leaves her potentially subject to a reduction in pay for a minor disciplinary infraction. She does not claim that she has ever been disciplined or that her pay has ever been cut. She also has not shown that

5

there is any policy of the employer with respect to reducing pay for minor disciplinary infractions. The facts in this case are certainly no more favorable to Miss Karson than the facts were to the plaintiffs in Auer, and are probably less favorable. The Auer Court affirmed the finding of exempt status of those employees on this account, and we follow that case.

The judgment of the district court is accordingly

AFFIRMED.

6