**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1399

ALEXANDER WHITTINGTON, JR.,

Plaintiff - Appellant,

versus

CITY OF CRISFIELD; CLARENCE BELL,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:05-cv-02783-WMN)

Submitted:  September 27, 2006       Decided:  November 2, 2006

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed in part; reversed and remanded in part by unpublished per curiam opinion.

Alexander Whittington, Jr., Appellant Pro Se.  Robin R. Cockey, COCKEY, BRENNAN & MALONEY, PC, Salisbury, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alexander Whittington, Jr., appeals the district court's order granting summary judgment to the City of Crisfield and Clarence Bell on Whittington's state and vicarious liability claims for breach of employment contract and wrongful discharge; free speech and procedural and substantive due process claims under both the United States Constitution and the Maryland Declaration of Rights; and the deprivation of federal constitutional rights under 42 U.S.C. § 1983 (2000). With regard to all but the breach of contract claim, we have reviewed the record and find no reversible error. We conclude that the district court erred, however, in finding that the City's policy manual did not, as a matter of law, create any contractual obligations.

The district court reasoned that although employee handbooks or other, similar materials may function as unilateral contracts, making the provisions they contain binding on the employer, a clear disclaimer prevents them from having that effect. It then found that because the handbook at issue in this case contained such a disclaimer, Mr. Whittington was an at will employee with no expectation to be fired only for cause. Whittington v. Bell, No. 1:05-cv-02783-WMN (D. Md. Feb. 23, 2006).

In arriving at this conclusion, the court did not address the language in Elliott v. Board of Trustees of Montgomery County Community College, 104 Md. App. 93 (Md. App. 1995), to the effect

- 2 -

that "[n]ot every disclaimer in an employer's employee manual, however, will effectively disclaim contractual liability." Id. at 102. It also ignored Haselrig v. Public Storage, Inc., 86 Md. App. 116 (Md. App. 1991). In Haselrig, language in an employee handbook indicated that, "[t]he relationship between you and PSI is predicated on an at will basis. That is to say that either the Employee or the Company may terminate their employment at their discretion," and "[i]t should be understood that employment and compensation can be terminated, with or without cause and with or without notice at any time, at the option of either the Company or the Employee." Id. at 120-21. The court held those provisions insufficiently clear "disclaimers" to support a motion for summary judgment on the employee's wrongful discharge claim, finding that, viewing the handbook as a whole, there was a genuine issue of material fact regarding whether an employee justifiably relied on it in believing he could only be terminated for cause. See id. at 127-28 (finding that "an ambiguity exists when the language in the provision is, to a reasonably prudent layman, susceptible of more than one meaning, or where the placement of the provisions in the handbook has that effect") (citation omitted).

The "disclaimer" here seems similarly ambiguous, if not more so. The manual contains a Section 15 which distinguishes between employees who have been with the Department less than 90 days and can be fired for any reason not in violation of the City's Equal

- 3 -

Employment/Affirmative Action Statement, and those who have been employed longer than 90 days and can only be discharged for the reasons specified in Section 17. Section 17 contains a list of 15 reasons. The disclaimer to which the district court refers is contained at the end of that section. It is preceded by four asterisks. Four asterisks also follow reasons "N" and "O" on the list, suggesting that it applies only to them. The full disclaimer begins "Discipline for any of the foregoing violations may include . . . ." and indicates that two violations will result in suspension and three will bring about dismissal. The language quoted by the district court follows. (E.R. at 61.) As a result, it is not at all clear that the disclaimer stating that the City reserves the right to waive or change its policy is not directed solely at the disciplinary procedures. It does not refer back to Section 15 at all, or alter the distinction between employees on the 90 day probation period and those who have been employed longer.

Moreover, nothing in the handbook contains the kind of clear and conspicuous language disclaiming any contractual obligation held considered unambiguous in other cases. See, e.g., Zahodnick v. International Business Machines Co., 135 F.3d 911, 914-15 (4th Cir. 1997) (disclaimer "reserv[ing] the right to change all [] benefits, separation plans, programs, practices, policies and rules at any time" and stating that "[t]he employment relationship . . .

- 4 -

is at will. This means that the relationship can be ended at any time for any reason by the employee or by IBM or the Federal Systems Company" considered unambiguous); <u>Castiglione v. Johns Hopkins Hosp</u>, 69 Md. App. 325, 338 (Md. App. 1986) ("The handbook contained a statement that it 'does not constitute an express or implied contract'" and "[o]ther provisions of the manual reserved appellee's discretion to 'discipline our workforce'").

Accordingly, we reverse the grant of summary judgment on the breach of contract claim and remand that claim for further proceedings.  We affirm the disposition of the other claims for the reasons stated by the district court.  <u>Whittington v. Bell</u>, No. 1:05-cv-02783-WMN (D. Md. Feb. 23, 2006).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br><u>REVERSED AND REMANDED IN PART</u>