**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 20-2327**

---

CESIA SANCHEZ,

        Plaintiff - Appellant,

    v.

WHOLE FOODS MARKET GROUP, INC.,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:18-cv-03106-GJH)

---

Submitted:  June 29, 2022               Decided:  August 16, 2022

---

Before KING and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** David A. Branch, LAW OFFICE OF DAVID A. BRANCH & ASSOCIATES, PLLC, Washington, D.C., for Appellant.  Christopher E. Humber, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesia Sanchez, a Latina woman of Hispanic ancestry, appeals the district court's orders dismissing the 42 U.S.C. § 1981 claims she filed against her former employer, Whole Foods Market Group, Inc. ("Whole Foods") and granting Whole Foods' motion for summary judgment on her breach-of-contract claim. On appeal, she asserts that the district court improperly dismissed her claims of disparate treatment and hostile work environment and that the court erred in dismissing these claims with prejudice. She also challenges the court's denial of relief on her breach-of-contract claim. We affirm.

We review an order granting a Fed. R. Civ. P. 12(b)(6) motion de novo. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). "In conducting such a review, we are obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff[]." *Id.* "However, legal conclusions pleaded as factual allegations, unwarranted inferences, unreasonable conclusions, and naked assertions devoid of further factual enhancement are not entitled to the presumption of truth." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (internal quotation marks omitted). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Courts long relied on the *McDonnell Douglas*[*] burden-shifting framework to evaluate § 1981 claims of race-based discrimination in employment where, as here, the plaintiff does not provide any direct evidence of discrimination. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004). However, the Supreme Court has clarified that *McDonnell Douglas* does not address the causation standard relevant for § 1981 racial-discrimination claims. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Instead, to survive a motion to dismiss on such a claim, "a plaintiff must initially plead . . . that, but for race, [she] would not have suffered the loss of a legally protected right." *Id.*

Sanchez's complaint simply does not allege facts showing that her race was a causal factor in her disparate treatment, much less that it was the but-for cause. Because Sanchez's complaint provides no plausible basis for us to conclude that racial discrimination caused her employer to take the contested actions against her, the district court properly dismissed this claim.

A plaintiff may also pursue a hostile-work-environment claim under § 1981. *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc). "A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

conditions of the victim's employment and create an abusive working environment." *Id.* (cleaned up). To state a hostile-work-environment claim under § 1981, a plaintiff must allege "that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [race]; (3) which is sufficiently severe or persuasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (cleaned up); *see Boyer-Liberto*, 786 F.3d at 277.

The complaint fails to support a reasonable inference that any of the conduct alleged related to Sanchez's race. And, even if one were to assume that Whole Foods' conduct was racially tinged, the complaint does not plausibly allege that such conduct was severe or pervasive enough to alter Sanchez's conditions of employment and create an abusive work environment. Accordingly, the district court properly dismissed Sanchez's hostile-work-environment claim.

Sanchez also asserts that the district court erred in dismissing her § 1981 claims with prejudice without providing her an opportunity to amend. Although district "courts should freely give leave to amend when justice so requires[,] . . . a district court does not abuse its discretion by declining to grant a request to amend [a complaint] when it is not properly made as a motion," *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 217-18 (4th Cir. 2019) (cleaned up). Here, Sanchez never requested the opportunity to amend her complaint. Moreover, even on appeal, Sanchez has provided no insight as to what additional factual allegations she could make that would correct the defects in her complaint. Accordingly, this claim fails.

4

Finally, Sanchez asserts that the district court erred in granting summary judgment to Whole Foods on her breach-of-contract claim. "We review a district court's grant of summary judgment de novo." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). In making this determination, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Id.* (cleaned up). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Employment is presumed to be at will in Maryland. *Towson Univ. v. Conte*, 862 A.2d 941, 947 (Md. 2004). This presumption, however, can be overcome where the employee shows the employer put forth a policy "that limit[s] the employer's discretion to terminate an indefinite employment or . . . set[s] forth a required procedure for termination." *Staggs v. Blue Cross of Md., Inc.*, 486 A.2d 798, 803 (Md. Ct. Spec. App. 1985); *see Towson Univ.*, 862 A.2d at 947. The employee also must show that she "justifiably relied" on the employer's policy. *Castiglione v. John Hopkins Hosp.*, 517 A.2d 786, 793 (Md. Ct. Spec. App. 1986).

Maryland recognizes implied contracts based on provisions of employee manuals. *Staggs*, 486 A.2d at 803. However, an express disclaimer will relieve the employer of any

5

contractual obligations that the handbook may otherwise create. *Fournier v. U.S. Fid. & Guar. Co.*, 569 A.2d 1299, 1301 (Md. 1990). To do so, the policy manual must "clearly and conspicuously disclaim contractual intent." *Castiglione*, 517 A.2d at 793.

The plain language of Whole Foods' policies demonstrates that Whole Foods clearly and conspicuously informed Sanchez that her employment was at will. The disclaimers preclude Sanchez from being able to show that she justifiably relied on Whole Foods' policies as creating any contractual rights. Therefore, the district court did not err in granting summary judgment to Whole Foods on Sanchez's breach-of-contract claim.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*